1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY ALLEN OLIVER,               )   Case No. CV 15-3995-SJO (KK)
                                    )
              Plaintiff,            )   ORDER DISMISSING COMPLAINT
                                    )   WITH LEAVE TO AMEND
       v.                           )
                                    )
COUNTY OF LOS ANGELES, *et al.*,    )
                                    )
              Defendants.           )
_____ )

       On May 27, 2015, Plaintiff Anthony Allen Oliver, proceeding *pro se*, filed a
Complaint under 42 U.S.C. § 1983 ("section 1983").  For the reasons stated below, the
Complaint is dismissed with leave to amend.


# I.

## SUBSTANCE OF THE COMPLAINT

       Plaintiff sues 15 named Defendants and various unnamed "Doe" Defendants for
allegedly violating his constitutional rights.  ECF No. 1 at 1.  The named Defendants are
(1) the County of Los Angeles; (2) the Los Angeles County District Attorney's Office;
(3) Los Angeles County prosecutor Jacques Garden; (4) Los Angeles County prosecutor
Andrew Kim; (5) Los Angeles County prosecutor Jackie Lacey; (6) Los Angeles County
investigator Barbara Torres; (7) Deputy Gerald Houston; (8) the City of Oceanside; (9)
Oceanside police officer Matthew Lyons; (10) Oceanside city attorney Deborah Nash;

(11) Oceanside city attorney John Mullen; (12) the Oceanside City Attorney's Office; (13) Erik Hughes, a process server and former business partner of Plaintiff's; (14) Cynthia Lyons, the spouse of Officer Lyons; and (15) the Oceanside Police Department. Id.

Plaintiff alleges that, in the summer of 2012, Officer Lyons and his spouse Cynthia Lyons (together, "the Lyonses") wrongfully arrested Plaintiff for stalking and making criminal threats.[1]  Id. at 5.  Plaintiff alleges Officer Lyons "has personal animosity towards Plaintiff" because he thinks Plaintiff has "attempted to have an affair with [Cynthia] Lyons" since 2005.  Id. at 9.  Plaintiff states all stalking and criminal threat charges against him were eventually dropped.  Id. at 5.

Plaintiff states he then filed suit, in Los Angeles, against the Lyonses.  Id.  Plaintiff claims at one point he was going to receive a 20 million dollar default judgment against the Lyonses.  Id. at 6-7.  Plaintiff alleges Defendants Nash and Mullen, who represented the Lyonses, tried to prevent that judgment, by threatening Plaintiff that if he did not set the judgment aside, they would tell Plaintiff's parole officer that he had illegally forged the signature of Defendant Hughes on a court document.  Id. at 7.  Plaintiff alleges Defendant Hughes then carried out instructions, given by Officer Lyons and Defendants Nash and Mullen, to call Plaintiff's parole officer and lie that Plaintiff had forged his signature.  Id. at 8.

Plaintiff alleges on March 27, 2014, he was arrested and sent to Los Angeles County Jail, for violating parole and forging court documents.  Id.  Plaintiff alleges Defendants Houston, Lacey, Garden, and Kim conspired and took actions to maliciously prosecute Plaintiff, despite knowing he had not forged any documents.  See id. at 8-11.

Plaintiff alleges Defendant Torres performed a series of tests to determine whether

---

[1] The Court finds it unlikely that Cynthia Lyons, who is not alleged to be a police officer, arrested Plaintiff, but assumes that allegation to be true for purposes of this Order.

Plaintiff had forged any court documents, and that the tests were inconclusive.  Id. at 11.

Plaintiff alleges Defendant Torres failed to follow proper protocol, and suggests she took too long to perform the tests, which caused Plaintiff to serve additional jail time.  Id.

Plaintiff alleges Defendant Torres later performed additional tests, and found Plaintiff had not forged any documents.  Id. at 16.

Plaintiff claims on April 8, 2015, Defendant Garden and the Los Angeles County District Attorney's Office moved to dismiss all charges against Plaintiff.  Id. at 17. (However, it does not appear all charges were dismissed, as Plaintiff asks this Court for "an order directing Defendants to dismiss the criminal case against Plaintiff."  Id. at 30.)

Plaintiff alleges all of the Defendants colluded "to keep [him] in jail for as long as possible," and to "fabricate false and corrupt evidence to prosecute Plaintiff for a crime that never occurred."  Id. at 3, 12.  Plaintiff claims Defendants violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under various California state laws.  Id. at 4-5.  Plaintiff asks for various forms of relief, including 20 million dollars in compensatory damages; an order to dismiss Plaintiff's criminal case; and "an order directing the Los Angeles County District Attorney's office to arrest and charge Erik Hughes, Matthew Lyons, and Cynthia Lyons with perjury and fraud."  Id. at 30.

## II.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted.  "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted).  "Such a dismissal may be made without notice where the claimant cannot possibly win relief."  Id. (citation omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable

1   legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal
2   quotation marks omitted).  In considering whether a complaint states a claim, "a court
3   must accept as true all allegations of material fact and must construe those facts in the
4   light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.
5   2011) (citation and internal quotation marks omitted).  However, a court need not accept
6   as true "allegations that are merely conclusory, unwarranted deductions of fact, or
7   unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir.
8   2008) (citation and internal quotation marks omitted).  While a complaint may not be
9   dismissed simply because its factual allegations seem "unlikely," it may be dismissed if
10  the allegations "rise to the level of the irrational or the wholly incredible." Denton v.
11  Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).  "[T]o be entitled
12  to the presumption of truth, allegations in a complaint or counterclaim may not simply
13  recite the elements of a cause of action, but must contain sufficient allegations of
14  underlying facts to give fair notice and to enable the opposing party to defend itself
15  effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

16      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
17  accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa
18  Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted).
19  "[F]actual allegations that are taken as true must plausibly suggest an entitlement to
20  relief, such that it is not unfair to require the opposing party to be subjected to the
21  expense of discovery and continued litigation." Starr, 652 F.3d at 1216.  A claim is
22  facially plausible when it "allows the court to draw the reasonable inference that the
23  defendant is liable for the misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004
24  (9th Cir. 2011) (citation and internal quotation marks omitted).

25      "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,
26  however inartfully pleaded, must be held to less stringent standards than formal pleadings
27  drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations
28  and internal quotation marks omitted).  "[W]e have an obligation where the petitioner is

4

*pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).  If, however, a court finds that a *pro se* complaint fails to state a claim, the Court may dismiss the complaint with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.
## DISCUSSION

The Complaint is deficient for multiple reasons, including that it (1) seeks relief that would violate Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); (2) does not allege sufficient facts to support its municipal liability claims; and (3) sues prosecutors for acts that are absolutely immune from suit.  Thus, the Court dismisses the Complaint with leave to amend.

## A.    Plaintiff Seeks Relief that Would Violate Younger.

Plaintiff asks this Court for "an order directing Defendants to dismiss the criminal case against Plaintiff with prejudice."  ECF No. 1 at 30.  Under the Younger abstention doctrine, "a federal court may not interfere with a pending state criminal prosecution absent extraordinary circumstances."  Logan v. U.S. Bank Nat. Ass'n, 722 F.3d 1163, 1167 (9th Cir. 2013) (citing Younger, 401 U.S. at 43-54).  The category of "extraordinary circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, or where irreparable injury can be shown."  Brown v. Ahern, 676 F.3d 899, 900-01 (9th Cir. 2012) (citations and internal quotation marks omitted).  Here, Plaintiff has not proven harassment or shown prosecutors have no hope of obtaining a valid conviction against him.  Thus, abstention under Younger is appropriate.

**B.     Plaintiff Does Not Allege Sufficient Facts to State a Claim Against Any Municipal Entity.**

Plaintiff sues the County of Los Angeles, the Los Angeles County District Attorney's Office, the City of Oceanside, the Oceanside City Attorney's Office, and the Oceanside Police Department.  ECF No. 1 at 1.  Municipalities and other local government units are considered "persons" under section 1983 and therefore may be liable for causing a constitutional deprivation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006).  However, because no *respondeat superior* liability exists under section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted).  In addition, the plaintiff must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).  Claims under Monell "must contain sufficient allegations of underlying facts to give fair notice" to the defendant and "must plausibly suggest an entitlement to relief."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted); see also Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming dismissal of plaintiff's Monell claims because complaint "lacked any factual allegations regarding key elements of" those claims).

Plaintiff makes a bare, conclusory assertion that each of the municipal entity Defendants has "a policy and custom of using, authorizing, ratifying, and/or covering up the use of corrupt, false, and also fabricated evidence during their investigations," and that this policy has caused the deprivation of Plaintiff's civil rights.  ECF No. 1 at 21.

Plaintiff does not allege any facts to support the existence of such a policy or custom, or to show that the policy or custom caused the deprivation of his civil rights. Thus, Plaintiff fails to state a claim against any municipal entity. See Starr, 652 F.3d at 1216; Hernandez, 666 F.3d at 637; Dougherty, 654 F.3d at 900-01.

**C.      Plaintiff Sues Prosecutors for Acts that Are Absolutely Immune from Suit.**

Plaintiff alleges the Los Angeles County District Attorney's Office and various prosecutors, including Defendants Lacey, Garden, and Kim, are maliciously prosecuting him and should be held liable. See ECF No. 1 at 8-11. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State, are entitled to the protections of absolute immunity." Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001) (citations and internal quotation marks omitted). "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." Id. (footnote and citations omitted). Here, Plaintiff alleges the District Attorney's Office and Defendants Lacey, Garden, and Kim are maliciously prosecuting him. All of those parties are absolutely immune from such claims. See id.

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that the Complaint is dismissed with leave to amend. Within **14 days** of the date of this Order, Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies in his Complaint. If Plaintiff chooses to file a FAC, the FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the Complaint or any other pleading, attachment, or document.

**Plaintiff is admonished that if he fails to timely file a sufficient FAC, the Court will recommend that this action be dismissed with prejudice for failure to prosecute**

1    **and/or failure to follow Court orders.**

2

3

4    DATED:  June 10, 2015

5                                            HONORABLE KENLY KIYA KATO
                                             UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8