UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANTHONY ALLEN OLIVER, | ) Case No. CV 15-3995-SJO (KK) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| COUNTY OF LOS ANGELES, *et al.*, | ) |
| Defendants. | ) |

Plaintiff Anthony Allen Oliver, proceeding *pro se* and *in forma pauperis*, has filed a First Amended Complaint ("FAC"), alleging causes of action under 42 U.S.C. § 1983 ("section 1983") and under California state law. The Court finds Plaintiff's federal claims deficient, and dismisses the FAC with leave to amend.[1]

///
///
///
///
///

---

[1] Because Plaintiff's federal claims are deficient, the Court presently declines to address whether his state-law claims are deficient as well. See Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011); see also 28 U.S.C. § 1367(c).

1

# I.
# BACKGROUND

### A.  Original Complaint

On May 27, 2015, Plaintiff filed a Complaint under section 1983, suing 15 named Defendants – including prosecutors, county officials, and municipal entities – along with various unnamed "Doe" Defendants for allegedly violating his constitutional rights.[2] ECF No. 1 at 1.  The Complaint alleged the Defendants colluded to "fabricate false and corrupt evidence to prosecute Plaintiff for a crime that never occurred."  Id. at 3.  Plaintiff asked for various forms of relief, including "an order directing Defendants to dismiss the criminal case against Plaintiff with prejudice."  Id. at 30.

On June 10, 2015, the Court issued an Order dismissing the Complaint.  ECF No. 9.  The Court found the Complaint deficient for multiple reasons, including that it (1) sought relief that would violate Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); (2) did not allege sufficient facts to support its municipal liability claims; and (3) sued prosecutors for acts that were absolutely immune from suit.  ECF No. 9 at 5. The Court granted Plaintiff leave to amend the Complaint to attempt to cure the deficiencies.  Id. at 7.

### B.  First Amended Complaint

On June 16, 2015, Plaintiff filed the instant FAC.  ECF No. 10.  In the FAC, Plaintiff sues 12 named Defendants and various unnamed "Doe" Defendants.  Id. at 1. The named Defendants are (1) the County of Los Angeles; (2) the Los Angeles County District Attorney's Office; (3) Los Angeles County prosecutor Jacques Garden; (4) Los Angeles County prosecutor Andrew Kim;  (5) Los Angeles County investigator Barbara

---

[2] Plaintiff contemporaneously filed an application to proceed *in forma pauperis*, which the Court granted on June 10, 2015.  ECF Nos. 5, 8.

Torres; (6) Deputy Gerald Houston; (7) the City of Oceanside; (8) Oceanside police officer Matthew Lyons; (9) Oceanside city attorney Deborah Nash; (10) Oceanside city attorney John Mullen; (11) Cynthia Lyons, the spouse of Officer Lyons; and (12) Erik Hughes, a process server. Id.

Plaintiff alleges that, in the summer of 2012, he "was arrested by" Officer Lyons and Cynthia Lyons (together, "the Lyonses") "for an alleged incident that was proven to have never occurred." Id. at 5. Plaintiff suggests he was arrested for stalking and making criminal threats, but that these charges were dismissed because neither of the Lyonses "showed up to testify." Id. at 5-6.

Plaintiff states he then filed suit, in Los Angeles County Superior Court, against the Lyonses. Id. at 6. Plaintiff alleges he hired Defendant Hughes to serve the Lyonses on his behalf. Id. Plaintiff claims Hughes signed and returned two proofs of service. Id.

Plaintiff states that, several weeks later, he filed for default judgment against the Lyonses, but the "default hearing was continued so that Plaintiff could amend" his claims.[3] Id. Plaintiff alleges that, two weeks later, Defendants Nash and Mullen, who represented the Lyonses, attempted to prevent the impending default judgment against the Lyonses, by calling Plaintiff and threatening to contact his parole officer unless he voluntarily set aside the judgment. Id.

Plaintiff alleges the Lyonses, Nash, and Mullen "then contacted Defendant Hughes to see if he did in fact sign the proof[s] of service[]." Id. Plaintiff states, "Hughes denied serving anyone and further denied signing the proof[s] of service[]," and later signed a declaration to that effect. Id. Plaintiff states Defendants Nash, Mullen, and Hughes then unsuccessfully attempted "to set aside the default with the false declaration." Id.

According to Plaintiff, a few days later, "Nash and Mullen sent Plaintiff an email asking once more for Plaintiff to set aside the default." Id. Plaintiff alleges Nash

---

[3] Plaintiff claims he was "just weeks away" from receiving a default judgment against the Lyonses "in the amount of $20 million." ECF No. 10 at 10.

3

1  "advised Plaintiff that if he failed to do so," Nash, Mullen, and the Lyonses "would
2  contact [Plaintiff's] parole officer, and would inform the [officer] that Plaintiff forged
3  Hughes's name to the proof[s] of service[]." Id. Plaintiff alleges those Defendants then
4  sent a fax to Plaintiff's parole officer stating Plaintiff forged Hughes's name on court
5  documents. Id. at 7. Plaintiff states on March 27, 2014, he was arrested for allegedly
6  violating parole. Id.

Plaintiff alleges Defendant Houston, who "lacks the most bare minimal police training," investigated Hughes's accusation and filed a flawed police report, which "caused charges to be filed against Plaintiff." Id. at 8.

Plaintiff alleges Defendant Torres performed flawed, negligent testing of various handwriting samples. Id. at 9-10. Plaintiff claims Torres's first set of tests on the samples were inconclusive as to whether Plaintiff committed forgery, but a second set of tests, performed approximately one year later, "proved that Plaintiff never forged any documents at all." Id. at 12; see also id. at 9-11.

Plaintiff alleges Defendants Garden and Kim, the prosecutors assigned to Plaintiff's case, improperly kept Plaintiff detained, and improperly relied on analysis of handwriting samples by "the Sheriffs crime lab," which they "knew or should [have] known . . . would yield false results." Id. at 8. Plaintiff describes Garden and Kim's conduct as "malicious and oppressive." Id.

Plaintiff alleges that, on April 8, 2015, after Plaintiff had been wrongfully incarcerated for 14 months, Defendant Garden moved to dismiss all charges against him. Id. at 12. Plaintiff alleges he suffered emotional and financial injury from the alleged wrongful incarceration. Id. Plaintiff alleges various due process violations under section 1983, along with two causes of action under California state law. Id. at 13-18. Plaintiff seeks compensatory damages of $20 million, along with punitive damages against the individual Defendants. Id. at 20.

4

## II.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted. "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." Id. (citation omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). While a complaint may not be dismissed simply because its factual allegations seem "unlikely," it may be dismissed if the allegations "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted). "[F]actual allegations that are taken as true must plausibly suggest an entitlement to

relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216.  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Blantz v. Cal. Dep't of Corrections and Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013) (citation and internal quotation marks omitted) (noting a plaintiff's factual allegations must "nudge[]" any legal claims "across the line from conceivable to plausible").

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).  If, however, a court finds that a *pro se* complaint fails to state a claim, the Court may dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.
### DISCUSSION

The FAC is deficient for multiple reasons, including that it (1) fails to allege Defendant Hughes acted under color of state law; (2) fails to sufficiently allege a deliberate wrongful act by any government official; (3) fails to allege sufficient facts to state a plausible claim against any municipal entity; and (4) sues prosecutors for acts that are absolutely immune from suit.

**A.    Plaintiff Does Not Sufficiently Allege Defendant Hughes Acted Under Color of State Law.**

Plaintiff sues Defendant Hughes, a private individual, under section 1983, for allegedly falsely accusing Plaintiff of forgery.  See ECF No. 10 at 13-18.  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  Chudacoff v. Univ. Med. Cntr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011) (citations and footnote omitted).  Section 1983 is "generally not applicable to private parties."  Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation omitted).  However, a "private individual may be held liable under § 1983 if [the individual] conspired or entered joint action with a state actor."  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citations omitted).  To prove such a conspiracy, Plaintiff "must show an agreement or 'meeting of the minds' to violate constitutional rights."  Id. at 441 (citation and internal quotation marks omitted).

Here, Plaintiff merely alleges Defendant Hughes falsely accused Plaintiff of forgery.  Plaintiff does not allege, much less plausibly allege, Defendant Hughes agreed with any government official to violate Plaintiff's constitutional rights.  See id.  Thus, Plaintiff has not shown Defendant Hughes acted under color of state law, and any section 1983 claims against Hughes must be dismissed.

**B.    Plaintiff Does Not Sufficiently Allege a Deliberate Wrongful Act by Any Government Official.**

Plaintiff sues various government officials – including Defendants Nash, Mullen, Torres, Houston, Garden, and Kim – under section 1983, for improperly investigating and handling Defendant Hughes's allegedly false accusation of forgery against Plaintiff.  See ECF No. 10 at 13-18.  The guarantee of constitutional due process applies only to "*deliberate* decisions of government officials to deprive a person of life, liberty, or property," not to "*negligently* inflicted harm."  Kingsley v. Hendrickson, ___ U.S. ___,

7

___ S. Ct. ___, 2015 WL 2473447, at *5 (2015) (italics in original; citations and internal quotation marks omitted).  Thus, "negligence, whether gross or simple, is insufficient to prove a constitutional violation," and insufficient to state a claim under section 1983. Kennedy v. City of Ridgefield, 440 F.3d 1091, 1093 (9th Cir. 2006) (citation omitted); see also Allen v. Iranon, 283 F.3d 1070, 1076 n.5 (9th Cir. 2002); Maynard v. Bonta, 244 F. App'x 147, 149 (9th Cir. 2007).

Here, Plaintiff merely alleges the various government-official Defendants were incompetent in investigating and handling Defendant Hughes's forgery accusation.  For example, Plaintiff alleges (1) Defendants Nash and Mullen improperly relayed to Plaintiff's parole office the allegedly false accusation by Defendant Hughes; (2) Defendants Houston and Torres filed flawed investigative reports; and (3) Defendants Garden and Kim improperly relied on those allegedly flawed investigative reports.  See ECF No. 10 at 3-9.  Plaintiff has not alleged, much less plausibly alleged, a single government official made a deliberate decision to deprive him of life, liberty, or property without due process.  See Lacey, 693 F.3d at 911; Kingsley, 2015 WL 2473447, at *5.[4]  Thus, Plaintiff has not stated a section 1983 claim against any government official.

**C.     Plaintiff Once Again Fails to Allege Sufficient Facts to State a Claim Against Any Municipal Entity.**

Plaintiff sues three municipal entities:  the County of Los Angeles, the Los Angeles County District Attorney's Office, and the City of Oceanside.  ECF No. 10 at 1.  Municipalities and other local government units are considered "persons" under section

---

[4] Because the FAC does not allege a deliberate conspiracy among government officials to incarcerate Plaintiff so as to prevent a default judgment in his favor of $20 million, the Court need not decide whether such allegations would be merely "unlikely" or "rise to the level of the irrational or the wholly incredible."  Denton, 504 U.S. at 33; see also Blantz, 727 F.3d at 927 (noting a court must draw on its "common sense" to determining whether a legal claim is "plausible").

1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). However, because no *respondeat superior* liability exists under section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition, the plaintiff must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). Claims under Monell "must contain sufficient allegations of underlying facts to give fair notice" to the defendant and "must plausibly suggest an entitlement to relief." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted); see also Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming dismissal of plaintiff's Monell claims because complaint "lacked any factual allegations regarding key elements of" those claims).

Plaintiff makes a number of bare, conclusory assertions about the municipal entity Defendants. Plaintiff alleges the municipal entity Defendants all have "one or more of the following official policies [or] customs," then proceeds to list ten possible policies and customs, including (1) "encouragement of attorneys and officers" to "violate the rights of persons on parole and the Plaintiff with impunity"; (2) encouragement of "the formation of attorneys and police officers committing criminal acts"; and (3) "[r]atification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint." ECF No. 10 at 4-5. Plaintiff does not allege any facts to support the existence of such policies or customs, or to show that these alleged policies or

customs caused the deprivation of his civil rights. Thus, Plaintiff has failed to state a section 1983 claim against any municipal entity. See Starr, 652 F.3d at 1216; Hernandez, 666 F.3d at 637; Dougherty, 654 F.3d at 900-01.

### D. Plaintiff Once Again Sues Prosecutors for Acts that Are Absolutely Immune from Suit.

Plaintiff sues Defendants Garden and Kim under section 1983. See ECF No. 10 at 16. Plaintiff suggests Garden and Kim improperly kept him detained, and improperly relied on analysis of handwriting samples by "the Sheriffs [*sic*] crime lab," which they "knew or should [have] known . . . would yield false results." Id. Plaintiff describes Garden and Kim's conduct as "malicious and oppressive." Id.

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State, are entitled to the protections of absolute immunity." Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001) (citations and internal quotation marks omitted). "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." Id. (footnote and citations omitted).

Here, Plaintiff alleges Defendants Garden and Kim maliciously prosecuted him and relied on improper evidence in pursuing charges against him. Defendants Garden and Kim are absolutely immune from such claims. See id.

### IV.
### CONCLUSION

IT IS THEREFORE ORDERED that the Complaint is dismissed with leave to amend. Within **14 days** of the date of this Order, Plaintiff may file a Second Amended Complaint ("SAC") to attempt to cure the deficiencies in the FAC. If Plaintiff chooses to file a SAC, the SAC should bear the docket number assigned to this case, be labeled

10

"Second Amended Complaint," and be complete in and of itself, without reference to the Complaint or FAC or any other pleading, attachment, or document. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims he has already asserted.

Because this will be Plaintiff's second opportunity to amend his complaint to rectify pleading deficiencies, the Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a SAC that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). See, e.g., Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Kaplan has already amended the complaint twice . . . ."); Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so."); Smith v. Solis, 331 F. App'x 482, 482-83 (9th Cir. 2009) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and Smith failed to correct the defects."). Thus, **if Plaintiff files a SAC with claims on which relief cannot be granted, the SAC will be dismissed without leave to amend and with prejudice.**

///
///
///
///
///
///
///
///

1 **Plaintiff is also admonished that if he fails to timely file a sufficient SAC, the**
2 **Court will recommend that this action be dismissed with prejudice for failure to**
3 **prosecute and/or failure to follow Court orders.**

DATED: June 23, 2015  _____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE