# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 15-03995-SJO (KK)**                                    Date:  **July 1, 2015**

Title:  Anthony Allen Oliver v. County of Los Angeles, et al.

**DOCKET ENTRY**

PRESENT:

**HON. <u>KENLY KIYA KATO</u>, UNITED STATES MAGISTRATE JUDGE**

<u>Deb Taylor</u>                                          <u>None</u>
Deputy Clerk                                    Court Reporter/Recorder

ATTORNEYS PRESENT FOR PLAINTIFF(S):          ATTORNEYS PRESENT FOR DEFENDANT(S):
None                                                                           None

**PROCEEDINGS:          (IN CHAMBERS)  Plaintiff's Motion to Transfer Venue**

On June 29, 2015, Plaintiff Anthony Allen Oliver ("Plaintiff") filed a Motion to transfer venue to the Western Division of the Central District of California ("Motion").  ECF Docket No. 16.  In support of his Motion, Plaintiff cites 28 U.S.C. § 1404(a).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Plaintiff requests a transfer to the Western Division for a variety of reasons.[1]  However, this case *is* already assigned to the Western Division as reflected in its case number.  Specifically, pursuant to General Order 14-03,

---

[1]The Court notes that throughout Plaintiff's motion he often provides purported reasons for having the case heard simply in "California" and the "Central District of California," rather than the Western Division of the Central District of California.  <u>See</u> e.g., Motion at 6, 8-9.  Additionally, many of the reasons Plaintiff proffers in support of his Motion are simply incorrect.  For example, Plaintiff incorrectly states the "Western Division has subpoena powers over more witnesses and evidence and greater access to proof than the Eastern Division" and "the case will proceed to trial faster in the Western Division."  <u>Id.</u> at 4, 13.  Nonetheless, because this case is, in fact, already assigned to the Western Division, the Court declines to address these issues.

MINUTES FORM 11
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 15-03995-SJO (KK)

<u>Anthony Allen Oliver v. County of Los Angeles, et al.</u>                    **July 1, 2015**

**Page 2**

---

> [t]he components of a civil case number include a one-digit office code "d," indicating the division in which the case is first assigned (2 for Western, 5 for Eastern, 8 for Southern), followed by a two-digit indicated "yy" to show the year of filing, followed by an indicator of the case type ("CV" for civil), followed by a five-digit number assigned sequentially in each division and resuming at the beginning of each year with "00001."

Here, as reflected on the Court's Case Management/Electronic Case Files (CM/ECF) system, the case number assigned to this case is "2:15-cv-03995." Hence, this case is already assigned to the Western Division. Moreover, the Court notes the District Court Judge assigned to this case, the Honorable S. James Otero, is located in the Western Division.

Thus, Plaintiff's Motion to transfer venue is DENIED as moot.

Initials of Deputy Clerk    dts

MINUTES FORM 11
CIVIL-GEN